UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| Carlos Rodriguez | : | |
|  | : | NO. 3:11-CV-1936(EBB) |
| v. | : | |
|  | : | |
| United States of America | : | |

Ruling on Motion to Vacate, Set Aside or Correct Sentence

The petitioner, Carlos Rodriguez ("Rodriguez"), moves, *pro se*,[1] pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his September 3, 2009 sentence of 188-months incarceration and eight-years supervised release. The sentence was imposed after Rodriguez pleaded guilty to a substitute information charging conspiracy to possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841 (a)(1) & (b)(1) (B). In support of his petition, Rodriguez asserts that he received constitutionally ineffective assistance of counsel in connection with his agreement to plead guilty; was denied his Fifth Amendment right to due process in connection with his guilty plea and sentencing; and his sentence is substantively and procedurally unreasonable. In opposition, the government asserts that Rodriguez's petition is barred by the waiver provision in his plea agreement and his claims are without legal and factual merit.

As explained below, the Court finds that Rodriguez has failed to meet his heavy burden of proving that his counsel's conduct did not fall within the wide range of reasonable professional

---

[1] Because Rodriguez is proceeding *pro se*, the Court construes his claims and arguments using less stringent standards than those applied to arguments drafted by attorneys. Haines v. Kerner, 404 U.S. 519, 520 (1972).

assistance and that his other claims, even if they had merit, were validly waived and are procedurally barred. Accordingly, for the following reasons, his petition [doc. #1] is DENIED.

*Background*

On April 9, 2008, Rodriguez was charged by indictment with one count of conspiracy to possess with intent to distribute and to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base. Thereafter, the government filed a second offender notice subjecting him, *inter alia*, to a mandatory minimum ten-year sentence. Subsequently, on January 23, 2009, pursuant to a written plea agreement, Rodriguez waived his right to indictment and pleaded guilty to a substitute information charging conspiracy to possess with intent to distribute 500 grams or more of cocaine. Prior to entry of his guilty plea, Rodriguez acknowledged that, as a result of the second offender notice, he faced a mandatory-minimum ten-year sentence. In addition, the parties stipulated that Rodriguez's offense conduct involved 4.5 kilograms of cocaine and 425 grams of cocaine base and, based on that quantity, his base offense level under the guidelines would be 32. The parties also agreed that Rodriguez was an organizer and leader under U.S.S.G. § 3B1.1, and that this would increase his offense level by two points, to 34. The government agreed to a three-level reduction for acceptance of responsibility, which would result in a total guideline offense level of 31. The parties also agreed that Rodriguez was in Criminal History Category ("CHC") VI and, based on that CHC and a total offense level of 31, his guideline sentencing range was 188 to 235 months. Rodriguez reserved the right to seek a downward departure or a non-guideline sentence. He also agreed to waive his right to appeal or collaterally attack his conviction and sentence provided his sentence did not exceed the

agreement's stipulated guideline range, *i.e.*, 235 months.[2]

Before accepting his guilty plea, the Court, pursuant to Fed. R. Crim. P. 11, placed Rodriguez under oath and thoroughly canvassed him regarding his understanding of the plea agreement, his intention to waive his right to be indicted and plead guilty to the information, whether he had discussed the substitute information and plea agreement with his attorney and whether his attorney had answered all his questions. In response, Rodriguez indicated that Counsel had done so and did not voice any questions or concerns. The Court thoroughly reviewed with him all of the provisions of the plea agreement, including the guideline calculations, the projected sentencing range of 188 to 235 months, the stipulation that his relevant conduct involved 4.5 kilograms of cocaine and 425 grams of cocaine base and the provision by which he waived his right to appeal and collaterally attack his conviction and sentence so long as his sentence did not exceed 235 months. Rodriguez affirmatively indicated that he understood the charges to which he was pleading guilty and the terms of the plea agreement. The government provided a detailed proffer of Rodriguez's offense conduct and, thereafter, the Court asked Rodriguez if he challenged anything the government had said. Neither Rodriguez nor his attorney raised any challenge. Finally, after ensuring there was a sufficient factual basis for Rodriguez's plea, and that he had not been threatened nor coerced by anyone and that no promises other than those contained in his plea agreement had been made to

---

[2]Specifically, the plea agreement states: "It is specifically agreed that the defendant will not appeal or collaterally attack in any proceeding, including a motion under 28 U.S.C. § 2255 and/or § 2241, the conviction or sentence of imprisonment imposed by the Court if that sentence does not exceed the guideline range set forth herein, even if the Court imposes such a sentence based on an analysis different from that specified above. If the sentence does exceed the guideline range set forth herein, the defendant may appeal the sentence only, not the underlying conviction. *The defendant expressly acknowledges that he is waiving his appellate rights and rights of collateral attack knowingly and intentionally.*" (Emphasis added).

him, the Court asked him if it was his wish to plead guilty to the offense charged in the superseding information.  In response, Rodriguez stated "yes, I do."  Before putting him to plea, the Court found that he was entering the guilty plea knowingly and voluntarily.  Rodriguez then entered a guilty plea, which the Court accepted.

Rodriguez was sentenced on September 1, 2009 to 188-months imprisonment and 8-years supervised release.  At the sentencing hearing, Rodriguez's counsel argued for imposition of the statutory ten-year mandatory minimum sentence.  He argued that the mandatory-minimum sentence was appropriate because Rodriguez's prior narcotics convictions occurred over a short period of time when he was young; his personal background contributed to his criminal history; he was only involved in the conspiracy for a short time and played a minor, not a leadership, role; and his CHC over-represented his likelihood of recidivism.   His attorney also argued for a below-guideline sentence based on the crack to powder cocaine disparity.

The government argued that Rodriguez played a significant role in the conspiracy, that his significant criminal history of six arrests resulted in three felony convictions and that he was on probation when he committed the instant offense.  The government expressly acknowledged that the Court had discretion to depart from the guideline range or impose a non-guideline sentence if it concluded that the 100-to-1 ratio for crack-to-powder cocaine did not reflect the § 3553(a) factors and deferred to the Court as to whether a slight departure was warranted.  Finally, the government agreed with Rodriguez that if the guidelines treated crack and powder cocaine the same (*i.e.* there was a 1:1 ratio), then his guideline range would be 151 to 188 months rather than 188 to 235 months.

In giving careful consideration to the § 3553(a) factors, the Court stated that it was troubled by the facts that Rodriguez continued to deal drugs while he was on state probation, was a major player in the conspiracy, engaged in large-scale drug trafficking activities, and had not been deterred by the 20 months he had served in state custody. The Court found that the mandatory-minimum sentence was not sufficient and imposed a sentence at the bottom of his guideline range of 188 months, which was the same as the top of what the guideline range would be if crack was treated as the equivalent of powder cocaine.

After the judgment of conviction entered, Rodriguez filed a direct appeal in the Second Circuit. His appellant counsel moved to withdraw pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), and the government moved to dismiss the appeal or for summary affirmance. On September 17, 2010, the Second Circuit granted counsel's motion to withdraw because there were no non-frivolous issues on appeal. It granted the government's motion to dismiss because Rodriguez had not demonstrated that the waiver of his appellate rights was unenforceable, and granted the government's motion for summary affirmance with respect to his appeal from the non-imprisonment components of his sentence. On December 15, 2011, Rodriguez filed the instant petition for habeas corpus relief pursuant to 28 U.S.C. § 2255.

*Discussion*

Rodriguez asserts numerous grounds in support of his habeas petition. First, he challenges the effectiveness of his counsel's performance in connection with his pre- and post-plea representation[3] and in connection with his plea agreement, specifically, counsel's failure to

---

[3]Specifically, Rodriguez asserts counsel's pre- and post-plea representation and advice was ineffective because he did not (1) conduct a pre-trial investigation, (2) negotiate optimal terms for his plea, (3) challenge wiretap evidence and, in connection with sentencing, (4) failed to challenge his leadership enhancement, (5) address and rebut his criminal

explain the waiver provision which rendered the plea agreement and guilty plea not knowing, voluntary and intelligent.  Rodriguez also claims that his due process rights were violated at his guilty plea and at sentencing and that his sentence was procedurally and substantively unreasonable.  None of these claims were raised on appeal.

    A.  *Waiver of Appeal and Collateral Rights*

Rodriguez's 188-month sentence was within the range that triggered the appeal-waiver provision of his plea agreement.   Therefore, the issue before the Court is whether the waiver precludes the Court's review of the claims he asserts in this § 2255 motion.

The Second Circuit has repeatedly upheld the validity of appeal waivers in plea agreements, as barring both direct appeals and motions pursuant to § 2255, provided such waivers are "knowingly, voluntarily, and competently provided by the defendant." United States v. Gomez-Perez, 215 F.3d 315, 318 (2d Cir. 2000), and even though the grounds for post-conviction relief arise after the plea agreement is entered. Garcia-Santos v. United States, 273 F.3d 506, 509 (2d Cir. 2001).  An appeal waiver is presumptively enforceable -- only in very limited circumstances, *i.e.*, if it violates certain fundamental rights, such as the Sixth Amendment right to counsel, or if the government breaches the plea agreement, will it be found unenforceable.  United States v. Coston, 737 F.3d 235, 237 (2d Cir. 2013).  A defendant who has knowingly and voluntarily waived his right to collaterally attack his sentence and secured the benefits of a plea agreement cannot then challenge "the merits of the sentence conforming to the

---

history and (6) argue for a sentence at the bottom of the guideline range.  These claims involve events outside the plea agreement process and are thus barred by the waiver provision.  Parisi v. United States, 529 F.3d 134, 138 (2d Cir. 2008); United States v. Cabrera, 563 F. App'x 861 (2d Cir. 2014) (a claim of ineffective assistance of counsel in connection with pre-plea and post-plea events does not survive the waiver provision).

agreement, for to permit such a defendant to escape the fairly bargained-for consequences of [his] agreement with the government would render the plea bargaining process and the resulting agreement meaningless." United States v. Monzon, 359 F.3d 110, 117 (2d Cir. 2004) (citation and internal quotation marks omitted).  An ineffective assistance of counsel claim, however, will only survive the appeal waiver where the defendant claims the advice he received from counsel when deciding to enter into the plea agreement was deficient.  See, e.g., Parisi v. United States, 529 F.3d 134, 138 (2d Cir. 2008); see also Frederick v. Warden, Lewisburg Corr. Facility, 308 F3d. 192, 195 (2d Cir. 2000) ("A waiver of appellate or collateral attack rights does not foreclose an attack on the validity of the process by which the waiver was procured, [*i.e.*], the plea agreement.").  An ineffective assistance of counsel claim survives a guilty plea or an appeal waiver only where the claim concerns the advice the defendant received from counsel in connection with the process by which the waiver was obtained.  Parisi, 529 F.3d at 138 (quoting United States v. Hernandez, 242 F.3d 110, 113 (2d Cir. 2001)); see also United States v. Cabrera, 563 F. App'x 861 (2d Cir. 2014) (a claim of ineffective assistance of counsel in connection with pre-plea and post-plea events does not survive the waiver provision).

Accordingly, despite Rodriguez's waiver of his right to file a collateral attack, the Court will review his ineffective assistance claim as it relates to the process through which he entered the plea agreement and guilty plea to determine if he did both knowingly and voluntarily and whether the advice he received from counsel in this regard was within acceptable standards. Parisi, 529 F.3d at 138.  This claim is, however, the only one of Rodriguez's claims that may properly be considered in this habeas petition because it is the only one that implicates the constitutionality of the process by which the waiver was procured.  Hernandez, 242 F.3d at 113.

B. *Ineffective Assistance of Counsel/Plea Agreement*

To prevail on an ineffective assistance of counsel claim in connection with the plea process, a habeas petitioner must satisfy the two-prong test of Strickland v. Washington, 466 U.S. 668 (1984), specifically, that counsel's performance was deficient and that his deficient performance resulted in prejudice to him.  In other words, Rodriguez must show that "the plea agreement was not knowing and voluntary because the advice he received from counsel was not within acceptable standards," Parisi, 529 F.3d at 138, and that there is a reasonable probability that, but for counsel's deficient conduct, he would not have pleaded guilty and would have proceeded to trial.  United States v. Arteca, 411 F.3d 315, 320 (2d Cir. 2005) (citing Hill v. Lockhart, 474 U.S. 52, 59 (1985)).  This test is rigorous, and "the great majority of habeas petitions that allege constitutionally ineffective counsel founder on it." Parisi, 529 F.3d at 141 (quoting Bell v. Miller, 500 F.3d 149, 155 (2d Cir. 2007)).

When assessing counsel's performance under the first prong, the court evaluates reasonableness in light of "prevailing professional norms," considering the "circumstances counsel faced at the time of the relevant conduct" and evaluating "the conduct from counsel's point of view." Parisi, 529 F.3d at 141.  With regard to the second prong, the reasonable probability element means a probability that is sufficient to undermine confidence in the outcome.  Strickland, 466 U.S. at 688.  In this case, the record does not support Rodriguez's claim that his counsel was ineffective in failing to adequately advise him about the challenged waiver provision.  To the contrary, the record establishes that the Court was satisfied that Rodriguez was fully aware of, and understood all of the terms of, his plea agreement and the rights he was waiving before accepting his guilty plea.  There was no ambiguity in the plea

agreement's waiver provision – it states in plain and unequivocal language that Rodriguez specifically agrees he "will not appeal or collaterally attack in any proceeding, including a motion under 28 U.S.C. § 2255 and/or § 2241, the conviction or sentence of imprisonment imposed by the Court if that sentence does not exceed the guideline range set forth herein . . . . [and], . . . [also] expressly acknowledges that he is waiving his appellate rights and rights of collateral attack knowingly and intentionally." Further, the Court gave Rodriguez the opportunity more than once to express any concerns he may have had regarding his understanding of the rights he was giving up by entering the plea agreement and he did not express any. For instance, before reviewing the plea agreement's waiver provision with him, the Court said: "Now, this is very important Sir . . . paragraph 5 [of the plea agreement] in connection with the sentence here, you are waiving your right to take an appeal or to challenge my sentence in any way by any legal proceeding as long as I don't sentence you to more than 235 months. And if I do exceed 235 months, your appeal will be only to the sentence itself, and not to the conviction, okay?" Again, before putting him to plea, the Court asked him specifically if he understood the consequences of pleading guilty and he affirmatively indicated that he did. In addition, Rodriguez signed the plea agreement in open court and in doing so, once again acknowledged that he had read and understood its provisions. In sum, the Court's inquiry was adequate to ensure that Rodriguez "was aware of his rights and of what he was waiving." Tellado v. United States, 745 F.3d 48, 54 (2d Cir. 2014) (noting that similar exchanges between the court and a defendant were "perfectly lucid and understandable").

    Rodriguez does not allege any specific facts to support his conclusory allegation that counsel failed to explain the waiver provision to him, was ineffective in advising him to enter

9

into the plea agreement and that his plea was not knowing and voluntary. Rather, the record clearly demonstrates that, before he pleaded guilty, Rodriguez knowingly, voluntarily and intelligently entered into the plea agreement and fully understood that he was waiving his right to appeal or otherwise challenge his conviction and sentence if the Court imposed a sentence of less than 235 months. See United States v. Cook, 722 F.3d 477, 481-83 (2d Cir. 2013). There is nothing in the record that even remotely suggests, as Rodriguez claims, that enforcing the waiver would amount to manifest injustice or that counsel's conduct so undermined the functioning of the adversarial process that it cannot be relied on to produce a just result. Cullen v. Pinholster, 131 S. Ct. 1388, 1403 (2011). In sum, Rodriguez has failed to overcome the presumption that, under the circumstances, counsel employed sound negotiating strategy in connection with the plea agreement. See Strickland, 466 U.S. at 689.

      Moreover, and more significantly, Rodriguez's ineffective assistance claim fails because he totally ignores the prejudice requirement of Strickland; *i.e.*, that, but for counsel's unprofessional errors, he would have elected to proceed to trial and would not have pleaded guilty. United States v. Soler, 289 F. Supp. 2d 210, 215 (D. Conn. 2003). Rodriguez does not claim that, if he had received proper advice or a "better explanation" regarding the waiver of his right to take an appeal or to raise a collateral challenge to his conviction and sentence, it would have made any difference in his decision to enter a guilty plea. Ventura v. Meachum, 957 F.2d 1048, 1058 (2d Cir. 1992). In this regard, Rodriguez's sworn statements at his plea hearing that he had read and understood the plea agreement and had discussed it with counsel as well as his failure to raise any challenge or questions about it when given the opportunity to do so, cannot be ignored nor taken lightly. United States v. Simmons, 164 F.3d 76, 79 (2d Cir. 1998); United

States v. Gonzalez, 970 F.2d 1095, 1101 (2d Cir. 1992).  Such solemn declarations under oath and in open court "carry a strong presumption of verity."  Blackledge v. Allison, 431 U.S. 63, 74 (1977).

Rodriguez's failure to demonstrate that his counsel was ineffective in advising him to enter into the plea agreement precludes a finding that his plea and waiver of his right to appeal or collaterally attack his sentence was not knowing and voluntary.  Accordingly, Rodriguez's waiver of his right to file this habeas petition is valid and enforceable.

### B. *Rodriguez's Remaining Claims Are Waived and Procedurally Barred*

Rodriguez's additional claims are similarly foreclosed by the waiver provision of his plea agreement:  His claim that he was denied due process at his guilty plea and sentencing and received ineffective assistance of counsel in connection with sentencing does not survive the waiver because it involves counsel's pre- and post-plea conduct.  United States v. Cabrera, 563 F. App'x at 861 (a claim of ineffective assistance of counsel in connection with pre-plea and post-plea events does not survive the waiver provision).  His claim as to the procedural and substantive unreasonableness of his sentence is also forfeited by his knowing and voluntary waiver of his right to collaterally attack his sentence.

Further, Rodriguez's claims regarding sentencing are barred because they were not raised on appeal and he has not shown cause for failing to raise them and that he suffered actual prejudice as a result.  Bousley v. United States, 523 U.S. 614, 622 (1988); Rosario v. United States, 164 F.3d 729, 732 (2d Cir. 1998).  And, as a substantive matter, the claims are meritless.  The Court appropriately sentenced Rodriguez at the bottom of his guideline range after giving careful consideration to all of the § 3553(a) factors.

*Conclusion*

For the foregoing reasons, the motion of the petitioner, Carlos Rodriguez, to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, [doc. #1] is DENIED.

A certificate of appealability will not issue as Rodriguez has not made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).

SO ORDERED

/s/_____
ELLEN BREE BURNS
SENIOR UNITED STATES DISTRICT JUDGE

Dated this 21st day of August, 2014 at New Haven, Connecticut.